HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALAN MANCHESTER, et al.,

               Plaintiffs,

     v.

CECO CONCRETE
CONSTRUCTION, LLC,

             Defendant.

CASE NO. C13-832 RAJ

ORDER

This matter comes before the court on Plaintiffs' (Alan Manchester, Suzanne Manchester, and Bedrock Floors, Inc. ("Bedrock")) motion to amend the complaint. Dkt. # 20. Defendant Ceco Concrete Construction, LLC's ("Ceco") opposed to the extent plaintiffs attempt to include claims against Mrs. Manchester and Bedrock.[1] Dkt. # 21. On February 12, 2014, the court granted defendant's motion to dismiss plaintiff's sole claim by Bedrock to vacate the arbitration award. Dkt. # 19 at 8-10. The court also

---

[1] Neither party has requested oral argument. This matter may be decided on the papers submitted.

1   dismissed Mrs. Manchester's fraud claims.[2]  *Id.* at 12-14.  Defendant does not object to

2   amendment as to any claims alleged by Mr. Manchester.  Accordingly, defendant's

3   objections are limited to Bedrock's proposed claims for quantum meruit, unjust

4   enrichment, and negligent misrepresentation, and Mrs. Manchester's proposed claim for

5   negligent misrepresentation.  Dkt. # 20-1 (Am. Compl.) ¶¶ 40, 42, 46.

6       At this stage in the litigation, a party may amend its pleading only by leave of

7   court or by written consent of the adverse party.  Fed. R. Civ. P. 15(a)(2).  Although the

8   rule should be interpreted with extreme liberality, leave to amend should not be granted

9   automatically.  *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).  "A trial

10  court may deny such a motion if permitting an amendment would prejudice the opposing

11  party, produce undue delay in the litigation, or result in futility for lack of merit."  *Id.*

12      Defendant argues that the court already dismissed Mrs. Manchester's

13  misrepresentation claim.  Defendant is mistaken.  The court specifically noted that the

14  court construed Mrs. Manchester's claims to be for fraudulent inducement and fraudulent

15  misrepresentation.  Mrs. Manchester now pleads a claim for negligent misrepresentation,

16  which requires allegations that (1) false information be supplied as a result of the failure

17  to exercise reasonable care or competence in communicating the information, (2) the

18  person for whose benefit the information is supplied suffered the loss, and (3) the

19  recipient relies upon the misrepresentation.  *Blair v. Ing*, 21 P.3d 452, 475 (Haw. 2001).

20  Defendant argues that Mrs. Manchester has failed to allege the second element because

21  she has not alleged facts detailing communications directly between herself and Ceco.[3]

22  _____

23     [2] The court construed Mrs. Manchester's claims to be fraudulent inducement and

24  fraudulent misrepresentation.
        [3] The court's prior ruling that Mrs. Manchester had not identified a single representation
     made by Ceco to her, or alleged any facts that would demonstrate that Ceco made any

25  representation for the purpose of inducing or in contemplation of her reliance were based on

26  elements for fraud.  Dkt. # 19 at 12.  Accordingly, the court's order did not require direct
     communication for the fraud claims, and indicated that plaintiffs could have alleged that the

27  statements were made for the purpose of inducing or in contemplation of her reliance.

1   While direct communication may be one way to allege facts supporting the second and

2   third elements, it is not the only way. Dkt. # 21 at 3.  Mrs. Manchester has alleged that

3   she was the sole shareholder of Bedrock, that Ceco decided that it would benefit to use

4   the relationships of Mr. Manchester and Bedrock with the general contractors in Hawaii,

5   that it was understood by Mr. Manchester, Mrs Manchester, Bedrock and Ceco that Mr.

6   Manchester's employment with Ceco would necessarily end the operations of Bedrock,

7   which meant that Mrs. Manchester would no longer be self-employed, and that Mr.

8   Manchester's compensation would be equal to or more than what he and Mrs.

9   Manchester had earned together at Bedrock. Dkt. # 20-1 (Am. Compl.) ¶¶ 8, 13, 15, 16.

10  These allegations are sufficient to plausibly allege that Mrs. Manchester, as the sole

11  shareholder of Bedrock which would cease to exist as a result of the deal but

12  subsequently incurred damages and costs, was a person for whose benefit the information

13  was supplied, suffered the loss, and relied on the misrepresentation.[4]  Accordingly,

14  permitting amendment would not be futile.  The court also finds that defendant has not

15  demonstrated any prejudice in allowing the amendment, and this case is still in its early

16  stages where a case schedule has not even been set yet.  Accordingly, the court permits

17  Mrs. Manchester's proposed amendment.

18      With respect to Bedrock's claims, defendant argues that the quantum meruit,

19  unjust enrichment and negligent misrepresentation claims are compulsory counterclaims

20  that should have been raised in the arbitration, and are thus futile.

21      Rule 13(a) precludes a party from asserting a claim in a separate suit that "arises

22  out of the same transaction or occurrence that is the subject matter of the opposing

23  party's claim." Fed. R. Civ. Proc. 13(a).   The purpose of Rule 13(a) is to prevent

24  multiplicity of litigation and to promptly bring about resolution of disputes before the

25  court. *Mitchell v. CB Richard Ellis Long Term Disability Plan*, 611 F.3d 1192, 1201 (9th

26  

27          [4] This conclusion applies equally to Bedrock's claim for negligent misrepresentation.

Cir. 2010). The rule is also aimed to preclude relitigation of compulsory claims in
successive actions. *See id.* Where a party has failed to plead a compulsory counterclaim,
the claim is waived and the party is precluded by principles of res judicata from raising it
again. *Id.* Whether a claim is a compulsory counterclaim that should have been raised in
a prior state action is a question of state law. *Springs v. First Nat'l Bank of Cut Bank*,
835 F.2d 1293, 1295 (9th Cir. 1988). Washington's compulsory counterclaim rule
mirrors Rule 13(a), requiring the claim to arise out of the same transaction or occurrence
that is the subject matter of the opposing party's claim with all necessary parties subject
to the court's jurisdiction, and is broadly construed to prevent a multiplicity of suits. *See*
*Schoeman v. New York Life Ins. Co.*, 106 Wash. 2d 855, 863-64, 726 P.2d 1 (Wash.
1986). Washington follows the logical relationship test regarding what constitutes the
same transaction or occurrence. *Id.* at 866-67.

  In the arbitration, Ceco sought damages for breach of contract, and Bedrock did
not allege any counterclaims, although it did seek allowance of offsetting costs. Dkt. #
15-1 at 2 (Arb. Ord.) ¶ 2. The core facts relied upon by the arbitrator for the breach of
contract claim included the following:

- The parties intended that three subcontracts would be assigned to Ceco and be run by Mr. Manchester, and that Bedrock would be shut down and cease to exist;
- Shortly after Mr. Manchester was hired, Ceco approached him and requested that Bedrock remain in business and subcontract the work on the three subcontracts to Ceco;
- Mr. Manchester complained to Ceco that he would have to keep Bedrock operating and that it would incur costs of doing business that would not otherwise be incurred, and that the parties did not intend for Bedrock to be out of pocket for any such costs; and
- Bedrock was to pass through to Ceco all payments received from the projects except for payments related to work done by Bedrock prior to Mr. Manchester

1     going to work for Ceco, and that Mr. Manchester had agreed to forego his

2     anticipated profits on the three projects.

3   *Id.* at 4, ¶¶ 7-10.  The arbitration dispute arose because the parties could not agree on

4   what monies had been received by Bedrock that were due to be passed through to Ceco or

5   on the amount of Bedrock's costs to keep its doors open solely for Ceco's benefit.  *Id.* ¶

6   11.  Thus, the "matter of the accounting of funds received by Bedrock, paid by Bedrock

7   to Ceco and expenses incurred by Bedrock on Ceco's behalf came before [the

8   arbitrator]."  *Id.* ¶ 12.

9         In this case, Bedrock relies on the same set of facts and also alleges that it is

10   entitled to quantum meruit and unjust enrichment because it "continued to operate and

11   continued to foster a positive and fruitful relationship with its contractor clients . . . ."

12   Dkt. # 20-1 ¶¶ 20-22, 40, 42.  The court finds that Bedrock's claims for unjust

13   enrichment and quantum meruit arise out of the same factual circumstances at issue in the

14   arbitration, and therefore are logically related to the breach of contract claim such that

15   they should have been raised in arbitration.  Accordingly, Bedrock is precluded from

16   raising these compulsory counterclaims in this lawsuit.  Allowing amendment would be

17   futile under these circumstances.

18         With respect to the negligent misrepresentation claim, Bedrock alleges that Ceco

19   made a number of representations to Mr. Manchester, including the proposal to shut

20   down Bedrock, to transfer the employees to Ceco, and to sign over existing work in

21   process and business opportunities.  Dkt. # 20-1 ¶ 46.  These allegations are also logically

22   related to the breach of contract claim in arbitration where the arbitrator heard testimony

23   about the initial agreement to shut down Bedrock, and of Mr. Manchester's later

24   complaints to Ceco about keeping Bedrock open.  Accordingly, the court finds that

25   Bedrock's negligent misrepresentation claim is a compulsory counterclaim that should

26

27

1  have been raised in arbitration, and that allowing amendment would be futile under these
2  circumstances.[5]

3        For all the foregoing reasons, the court GRANTS defendant's motion with respect
4  to Bedrock's claims, and DENIES defendant's motion with respect to Mrs. Manchester's
5  claim.  Plaintiffs may file their First Amended Complaint consistent with this order
6  within fourteen (14) days of this order.

7        Dated this 5th day of May, 2014.

8

9

10

11  The Honorable Richard A. Jones
    United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25  _____

26     [5] Bedrock argues that it was effectively prohibited by the rules of AAA arbitration from
    bringing any counterclaims because it would have had to pay its share of arbitration costs.
27  Bedrock does not cite any legal authority for this proposition, and the court rejects this argument.