HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALAN MANCHESTER et al., <br><br> Plaintiff, <br><br> v. <br> CECO CONCRETE CONSTRUCTION, LLC, <br><br> Defendant. | CASE NO. C13-832RAJ <br><br> ORDER |

**I. INTRODUCTION**

This matter comes before the court on defendant Ceco Concrete Construction, LLC's motion for judgment on the pleadings (Dkt. # 41) and plaintiff Alan Manchester's third motion to amend complaint (Dkt. # 49).[1]  For the reasons set forth below, each motion is granted in part and denied in part.

---

[1] It appears that Mr. Manchester either ignored or misunderstood this court's September 29, 2014 docket entry. That entry expressly stated that his second motion to amend was "superseded by" his third motion. Nevertheless, for the sake of efficiency, the court will consider the arguments made in Mr. Manchester's second motion (Dkt. # 43) along with his third motion to amend complaint.

ORDER- 1

## II. BACKGROUND

This matter arises from a dispute regarding plaintiff's employment with defendant and subsequent discharge. In his First Amended Complaint ("FAC"), plaintiff alleged various claims against defendant, including : (1) breach of contract, (2) breach of implied duty of good faith, (3) quantum meruit, (4) unjust enrichment, (5) breach of implied employment agreement, (6) negligent misrepresentation, (7) promissory estoppel, and (8) violation of the Hawaii Revised Statutes ("HRS") § 388-10. Dkt. # 25.

On July 28, 2014, this court entered an order granting in part and denying in part defendant's motion to dismiss the FAC. Dkt. # 36. All of the aforementioned claims survived dismissal, except the negligent misrepresentation claim. The court dismissed that claim because the FAC failed to include "a single allegation that CECO was without the present intent to fulfill the promises relating to any future conduct." Dkt. # 36, p. 9. The court also declined to dismiss the contractual causes of action: breach of contract, breach of the implied duty of good faith and breach of implied employment agreement. The court found that although there was no written employment contract and no agreement for a definite term of employment, the allegations of the FAC taken together with the employment offer letter, plausibly suggested that Mr. Manchester was subject to a collective bargaining agreement ("CBA"). Dkt. # 36, pp. 3-4. The court reasoned that if Mr. Manchester were subject to a CBA, then his employment probably could not be terminated "at-will."

Plaintiff now seeks to amend his complaint to revive his cause of action for negligent misrepresentation. He also seeks to add allegations regarding his inability to "hire and fire" cement masons. It appears that plaintiff wants to add these allegations to establish that he was not a "supervisor" and, therefore, was in fact covered by the CBA.

Prior to plaintiff's filing of his motion to amend, defendant filed a motion for judgment on the pleadings, seeking judgment with respect to some or all of plaintiff's claims. Defendant makes alternative arguments regarding the impact of the CBA.

ORDER- 2

According to defendant: (1) if plaintiff *is* subject to the CBA, then defendant is entitled to judgment as to all causes of action because plaintiff failed to timely file a grievance and has thereby waived his claims, or (2) if plaintiff is *not* subject to the CBA, then Defendant is entitled to judgment as to his contractual claims because no written instrument exists to support such claims.

## III. ANALYSIS

**A. Plaintiff's Motion to Amend the Complaint**

*(i)  Legal Standard*

Federal Rule of Civil Procedure 15(a) deals with amendments to pleadings. Once a responsive pleading has been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez,* 942 F.2d 617, 628 (9th Cir. 1991); *United States v. Webb,* 655 F.2d 977, 979 (9th Cir. 1981). Further, the policy of favoring amendments to pleadings should be applied with 'extreme liberality. *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987). That is not to say, however, that it should be given automatically. *Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1837 (9th Cir. 1990). Whether justice requires granting a party leave to amend is generally determined by reference to four factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *United States v. Pend Oreille Public Utility Dist. No. 1,* 926 F.2d 1502, 1511 (9th Cir. 1991).

*(ii)  Negligent Misrepresentation*

The court will permit plaintiff leave to amend his negligent misrepresentation claim, but cautions plaintiff that the allegations in the proposed amended complaint are still insufficient. Plaintiff proposes to add a conclusory allegation that defendant was

"without the present intention to fulfill the promises relating to any future conduct toward Mr. Manchester relating to his terms of employment." Dkt. # 49, p. 2. This unadorned allegation will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Rather, plaintiff must also include the factual allegations stated in his reply brief as part of the proposed amended complaint along with any other factual allegations that may be relevant. Dkt. # 55, p. 3.

Although defendant argues that this amendment will cause undue delay and prejudice, the court disagrees and notes that this motion was brought prior to the court's deadline for amendment of pleadings. Accordingly, plaintiff's motion to amend his complaint to add a cause of action for negligent misrepresentation is GRANTED.

*(iii) "Supervisor" Allegations*

The court will not grant plaintiff's request to change the allegations regarding his ability to "hire and fire" cement masons because such an amendment would be both futile and subject to judicial estoppel.

Under Hawaii law, "in the absence of a written employment agreement, a collective bargaining agreement, or a statutorily conferred right, employment is at-will." *Shoppe v. Gucci Am., Inc.*, 14 P.3d 1049, 1064 (Haw. 2000). The court previously found that there was no writing before the court that established a definite term of employment and, therefore, Mr. Manchester's employment was at-will. The court declined to dismiss Mr. Manchester's contractual claims, however, because it appeared that he was subject to a CBA (which often prohibits at-will termination) and could base his breach of contract claims on that document.

Now, however, Mr. Manchester has made clear that he has no intention of making any such argument. *See* Dkt. # 42, p. 4 ("Plaintiff has not claimed that CECO violated any of the specific provisions of the CBA"). Accordingly, amendment of the complaint

ORDER- 4

to add allegations regarding the CBA would be futile. Additionally, the allegations Mr. Manchester proposes to add directly conflict with allegations that he made in his original complaint. The only justification he provides for this change of position is that he made an "unfortunate misstatement." Dkt. # 42, p. 6. He does not explain, however, why he failed to correct this misstatement when he had the opportunity to do so in his First Amended Complaint. The doctrine of judicial estoppel prohibits such flip-flopping. *Hampshire v. Maine*, 532 U.S. 742, 750 (2001). Accordingly, plaintiff's motion to add allegations regarding his inability to "hire and fire" employees is DENIED.

**B. Defendant's Motion for Judgment on the Pleadings**

*(i)   Legal Standard*

A Rule 12(c) motion for judgment on the pleadings and a Rule 12(b)(6) motion to dismiss are virtually interchangeable. In fact, the same standard applies to both. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989) (stating standard for motion for judgment on the pleadings); *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988) (stating standard for motion to dismiss). The only differences between the two motions are (1) the timing (a motion for judgment on the pleadings is usually brought after an answer has been filed, whereas a motion to dismiss is typically brought before an answer is filed), *see Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999), and (2) the party bringing the motion (a motion to dismiss may be brought only by the party against whom the claim for relief is made, usually the defendant, whereas a motion for judgment on the pleadings may be brought by any party). *See In re Villegas*, 132 B.R. 742, 744–45 (9th Cir. 1991). Because the two motions are analyzed under the same standard, a court considering a motion for judgment on the pleadings may give leave to amend and "may dismiss causes of action rather than grant judgment." *Moran v. Peralta Cmty College Dist.*, 825 F. Supp. 891, 893 (N.D. Cal. 1993). The mere fact that a motion is couched in terms of Rule 12(c) does not prevent

the district court from disposing of the motion by dismissal rather than judgment. *See Amersbach v. City of Cleveland*, 598 F.2d 1033, 1038 (6th Cir. 1979). Therefore, the court considers defendant's motion as it would a motion to dismiss, and declines to grant judgment at this point.

*(ii) Dismissal as to Contractual Claims Only*

Defendant makes alternative arguments regarding the impact of the CBA. According to defendant: (1) if plaintiff *is* subject to the CBA, then defendant is entitled to judgment as to all causes of action because plaintiff failed to timely file a grievance, or (2) if plaintiff is *not* subject to the CBA, then Defendant is entitled to judgment as to contractual claims because no written instrument exists to support such claims.

Plaintiff has expressly stated that he is not alleging breach of the CBA. Thus, whether plaintiff is or is not subject to the CBA is irrelevant. Plaintiff has failed to allege any restrictions on the "at-will" employment doctrine and has failed to otherwise allege the existence of an agreement for a definite term of employment. As stated in the court's previous order, "until he retired" and "for the next several years" are not definite terms of employment. Dkt. # 36, p. 3. Accordingly, the court GRANTS defendant's motion and dismisses the causes of action for breach of contract, breach of the implied duty of good faith and breach of implied employment agreement.

### IV. CONCLUSION

Plaintiff shall file a Second Amended Complaint that complies with this court's ruling on or before December 5, 2014.

Dated this 24th day of November, 2014.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER- 6